IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00188-PAB-BNB

LORI L. PARK,
Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE, INC., and
TD AMERITRADE TRUST COMPANY CORPORATION,

Defendants.
_____

## ORDER
_____

This matter is before me on an e-mail (the "e-mail") sent directly to my chambers by the plaintiff on February 5, 2010 [Doc. #6]. The e-mail is an improper *ex parte* communication. *Ex parte* communications are prohibited by local rule of practice 77.2, D.C.COLO.LCivR, which provides:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

In addition, the Federal Rules of Civil Procedure provide that "[a] request for a court order must be made by motion." "The rules governing captions and other matters of form in

pleadings apply to motions and other papers." Rule 7(b), Fed.R.Civ.P.[1]

IT IS ORDERED that the e-mail is STRICKEN.

IT IS FURTHER ORDERED that the plaintiff shall not send communications directly to my chambers unless otherwise instructed.

IT IS FURTHER ORDERED that all future applications to the court must be submitted in the form of a motion and in compliance with the federal rules of procedure, local rules, and this order.

IT IS FURTHER ORDERED that failure to comply with this order may result in the imposition of sanctions, including dismissal of the case.

Dated February 5, 2010.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

---

[1] I am aware that the plaintiff is proceeding *pro se*, and I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the rules of this court. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).