IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00188-PAB-BNB

LORI L. PARK,
Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE, INC., and
TD AMERITRADE TRUST COMPANY CORPORATION,

Defendants.

---

**ORDER**

---

This matter arises on the plaintiff's **Motion** [Doc. #19, filed 05/20/2010]. The plaintiff seeks leave to amend her Complaint. The Motion is DENIED without prejudice.

The plaintiff seeks to amend her Complaint to add additional defendants and allegations. The plaintiff has attached to the Motion a proposed amended complaint.

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. at 15(a)(2).

Here, the plaintiff has not yet served her initial Complaint on the defendants. Therefore, she may amend her Complaint as a matter of course. However, the plaintiff must comply with Rule 8, Fed. R. Civ. P., and the local rules of this court when amending her Complaint.

Rule 8 requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R.Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Rather than being concise and direct, the plaintiff's proposed amended complaint is prolix and tedious. The proposed amended complaint is 91 pages in length, with an additional 120 pages of attached exhibits. The "Supporting Factual Allegations" consist of 326 paragraphs wherein the plaintiff painstakingly details countless events and conversations from the fall of 2007 until December 2009. The plaintiff asserts 10 claims for relief, but she does not specify which defendant(s) the claims are brought against or how each defendant is implicated in each of the causes of action. Indeed, the plaintiff frequently refers to the defendants collectively.

Any future attempts to submit a proposed amended complaint must comply with Rule 8, the local rules of this court, and this order. The proposed amended complaint shall be submitted on the court's form and shall be entitled Amended Title VII Complaint. D.C.COLO.LCivR 8.1A

(stating that "[a] pro se party shall use the forms established by this court to file an action").  The background statement shall briefly summarize the plaintiff's case and shall not exceed two double-spaced typewritten pages.  Each claim shall be stated separately.  Each claim shall state which defendants the claim is brought against and shall briefly allege facts sufficient to state a claim for relief against those defendants.  Each claim shall not exceed three typewritten pages, double-spaced.

I am aware that the plaintiff is proceeding *pro se*.  Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as her advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The plaintiff's proposed amended complaint utterly fails to comply with Rule 8.

In addition, the plaintiff is reminded that the Complaint must be served on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Rule 4 provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expires on May 28, 2010.

IT IS ORDERED that the Motion is DENIED without prejudice.  Any renewed motion to amend must comply with the Federal Rules of Civil Procedure, the local rules of this court, and this order.

IT IS FURTHER ORDERED that on or before **June 1, 2010**, the plaintiff shall file with the court proof of service of the initial Complaint. Failure to do so may result in my recommendation that this action be dismissed.

Dated May 25, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge