IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-00188-PAB-BNB

LORI L. PARK,
Plaintiff,

v.

TD AMERITRADE TRUST COMPANY, INC.,
TD AMERITRADE, INC., and
TD AMERITRADE TRUST COMPANY CORPORATION,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Plaintiff's Motion to Reinstate Dismissed Complaint** [Doc. #35, filed 07/30/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff is proceeding *pro se*, and I must liberally construe her papers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff filed her Complaint on January 28, 2010 [Doc. #1]. On June 30, 2010, I recommended that the Complaint be dismissed without prejudice [Doc. #30] for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court or, in the alternative, pursuant to the plaintiff's request to dismiss the case under Rule 41(a). Also on June 30, 2010, the plaintiff filed

a notice of voluntary dismissal [Doc. #31] which complied with Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

Under Rule 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "Unless the notice . . . states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). This voluntary dismissal "is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court." Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989) (internal quotations and citations omitted). A notice of voluntary dismissal ends the action and terminates federal jurisdiction except for the limited purpose of reopening the case under Rule 60(b). Id. Therefore, I construe the Motion as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides that on motion and upon such terms are just, the court may relieve a party from "a final judgment, order, or proceeding" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied , released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case." In re Gledhill, 76 F.3d 1070, 1080 (10th Cir.1996) (quoting Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir.1975)). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

The plaintiff does not identify any ground for relief under Rule 60(b), and none is obvious to me from the text of the Motion. To the contrary, the plaintiff appears to object to my Recommendation, which is no longer pending. Accordingly,

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 13, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge